# Exhibit A

Hearing Date: 6/22/2026 9:30 AM
Location: Court Room 2308
Judge: Cohen, Neil H

FILED
4/20/2026 10:26 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026CH03767
Calendar, 5
37678994

FILED DATE: 4/20/2026 10:26 PM 2026CH03767

**STATE OF ILLINOIS**
**CIRCUIT COURT OF COOK COUNTY**
**CHANCERY DIVISION**

| | |
|---|---|
| Raesheena Duncan, Individually, and on behalf of all others similarly situated, | Case No. 2026CH03767 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| Amazon.com Services, LLC | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Raesheena Duncan ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, brings this class action complaint against Defendant Amazon.com Services LLC ("Amazon" or "Defendant"), and alleges as follows based upon personal knowledge as to herself and upon information and belief as to all other matters:

## INTRODUCTION

1. This is a class action brought pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq. ("IWPCA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL"), seeking unpaid overtime wages, unreimbursed business expenses, statutory penalties, interest, attorneys' fees, and costs.

2. Defendant operates Amazon Flex, a delivery program launched in 2015, in which individuals use their personal vehicles to deliver Amazon packages during scheduled "blocks" of 2-6 hours, accessed via Defendant's proprietary mobile app. Defendant misclassifies these drivers as independent contractors rather than employees, thereby evading obligations under Illinois law

FILED DATE: 4/20/2026 10:26 PM 2026CH03767

to pay overtime premiums for hours worked over 40 per week and to reimburse necessary business expenses, such as vehicle mileage, fuel, maintenance, tolls, and insurance premiums.

3. Plaintiff and the proposed Class Members are employees under Illinois law because Defendant exercises extensive control over their work, including mandatory vehicle and smartphone requirements, algorithmic assignment of delivery blocks and routes, real-time GPS monitoring, strict performance standards enforced by an automated "standing" system and the threat of account deactivation without notice for non-compliance, while providing the essential app-based platform, package assignments, and customer interfaces for the job.

4. As a result of this misclassification, Plaintiff and Class Members have been denied overtime pay for hours exceeding 40 per week and reimbursements for mileage and other vehicle-related expenses incurred in performing deliveries, despite Defendant's digital surveillance and algorithmic management that dictate the pace, sequence, and safety risks of the work.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 735 ILCS 5/2-209 and inherent authority over class actions.

6. Venue is proper in Cook County because a substantial part of the events giving rise to the claims occurred here, Defendant conducts substantial business in this County, and Plaintiff performed work for Defendant in Illinois, including in this judicial district.

**PARTIES**

7. Plaintiff Raesheena Duncan is an individual residing in Illinois. She has worked as a delivery driver for Amazon Flex since approximately 2024, using her personal vehicle to complete delivery blocks. She must comply with Defendant's requirements, including downloading the Amazon Flex app on her compatible smartphone, passing a background check,

FILED DATE: 4/20/2026 10:26 PM 2026CH03767

maintaining personal auto insurance, and adhering to Defendant's zero-tolerance policies on drugs, alcohol, and harassment. She regularly reserves multiple delivery blocks per week via the app, often over 40 hours, without overtime compensation, and incurs unreimbursed expenses, including mileage, fuel, vehicle maintenance, and data usage for the app's GPS and scanning functions.

8. Defendant Amazon.com Services LLC is a Delaware limited liability company with its principal place of business in Seattle, Washington, doing business throughout Illinois as Amazon Flex. Defendant is an "employer" under the IWPCA and IMWL.

## FACTUAL ALLEGATIONS

9. Amazon Flex recruits drivers through its website and mobile app, requiring applicants to be at least 21 years old, possess a valid U.S. driver's license, Social Security Number, compatible smartphone, and qualifying vehicle. Applicants must pass a background check, including motor vehicle records, and provide proof of personal auto insurance compliant with local laws. Defendant provides supplemental commercial insurance but explicitly states that drivers, as independent contractors, are responsible for their own expenses, with no reimbursements for mileage, tolls, parking, or other costs.

10. Once onboarded, drivers access delivery opportunities solely through the Amazon Flex app, where Defendant algorithmically offers "blocks" (e.g., 3-6 hours for Amazon.com packages, 2-4 hours for Amazon Fresh). Drivers can reserve blocks in advance or accept "instant offers" within seconds, but availability is not guaranteed, and routes are not disclosed until after acceptance. Defendant controls the work by requiring drivers to arrive on time at designated Amazon stations, scan licenses and packages using the app, follow app-generated navigation (including live traffic and speed limits), confirm deliveries with photos or scans, and return undelivered packages by 10:00 AM the next day with specific reason codes. Drivers cannot

FILED DATE: 4/20/2026 10:26 PM 2026CH03767

subcontract work, negotiate pay rates (typically $18-25 per hour, plus tips), or deviate from Defendant's protocols, such as prohibiting passengers from assisting or requiring safety vests at stations.

11. Defendant exerts employee-like control through digital surveillance and algorithmic management: the app tracks GPS location in real-time, monitors delivery completion rates, and enforces quotas implicitly through block durations designed around package volume, traffic, and weather. Performance is evaluated via an automated "standing" metric (Fantastic, Great, Fair, At Risk), influenced by on-time arrivals, delivery success, returns compliance, and customer feedback. Low standing results in fewer block offers, and Defendant can deactivate accounts without notice for violations, such as late cancellations (less than 45 minutes before start), no-shows, or repeated issues, leaving drivers without recourse or unemployment benefits.

12. Despite this pervasive control, Defendant classifies drivers as independent contractors, denying them employee protections under Illinois law, including minimum wage guarantees, overtime, and expense reimbursements. This model shifts all risks—such as vehicle wear, fuel costs, and accident liability—to drivers while Defendant profits from the deliveries.

13. Plaintiff and Class Members are transportation workers engaged in interstate commerce. They pick up packages at Amazon fulfillment centers, warehouses, or stations in Illinois that contain goods shipped from manufacturers, suppliers, or other Amazon facilities located outside of Illinois, across state lines, as part of Defendant's national and international supply chain. These packages include items originating from other states or countries, which are transported interstate via air, rail, or truck before reaching the local Amazon facility. Plaintiff and Class Members then complete the "last mile" of this interstate journey by delivering the packages to end customers in Illinois or, on occasion, across state borders (e.g., to customers in Indiana or

FILED DATE: 4/20/2026 10:26 PM 2026CH03767

Wisconsin near the Illinois border). This direct involvement in the flow of interstate commerce qualifies Plaintiff and Class Members as transportation workers exempt from the Federal Arbitration Act under 9 U.S.C. § 1. See *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020) (holding Amazon Flex drivers exempt from FAA as transportation workers engaged in interstate commerce).

14. Under the IWPCA, Defendant bears the burden of proving that Plaintiff and Class Members are independent contractors rather than employees. The IWPCA incorporates an "ABC test" for determining independent contractor status, under which all individuals are presumed to be employees unless the putative employer proves all three prongs: (A) the worker is free from control and direction over the performance of the work, both under contract and in fact; (B) the work is performed outside the usual course of the employer's business or outside all places of business of the employer; and (C) the worker is engaged in an independently established trade, occupation, profession, or business.

15. Defendant cannot satisfy Prong A of the ABC test because Plaintiff and Class Members are not free from Defendant's control and direction. As alleged above, Defendant dictates every aspect of the delivery process through its app, including block assignments, routes, timelines, performance metrics, and compliance standards, with real-time monitoring and the power to deactivate accounts for non-compliance.

16. Defendant cannot satisfy Prong B of the ABC test because the delivery work is performed within the usual course of Defendant's business. Defendant's core business is e-commerce and package delivery, and Plaintiff and Class Members' last-mile deliveries are integral to that operation, performed at Defendant's warehouses, stations, and customer locations, which are extensions of Defendant's places of business.

FILED DATE: 4/20/2026 10:26 PM 2026CH03767

17. Defendant cannot satisfy Prong C of the ABC test because Plaintiff and Class Members are not engaged in an independently established trade, occupation, profession, or business. They rely exclusively on Defendant's app and platform for work opportunities, cannot build their own client base or negotiate terms, and perform services solely for Defendant without an independent enterprise structure, such as separate business entities, marketing, or multiple clients.

18. Because Defendant fails to meet all three prongs of the IWPCA's ABC test, Plaintiff and Class Members are employees entitled to IWPCA protections, including reimbursement of necessary business expenses.

19. Plaintiff typically reserves 4-6 hour blocks multiple times per week, often chaining them to exceed 40 hours without receiving 1.5 times her regular rate for overtime hours. Defendant pays a flat block rate via direct deposit, with no adjustment for overtime.

20. Plaintiff incurs substantial unreimbursed expenses necessarily related to her duties as a transportation worker, including mileage at the IRS standard rate, fuel, oil changes, tire replacements, tolls and increased insurance premiums due to commercial use, none of which Defendant reimburses, in violation of its obligations as an employer.

21. In addition to the overtime hours worked during delivery blocks that exceed forty (40) hours per workweek, Plaintiff and Class Members regularly perform, and are required by Defendant to perform, additional uncompensated time that is fully compensable under the IMWL. Defendant mandates that drivers arrive at its designated Amazon stations, fulfillment centers, warehouses, and other prescribed pickup and return locations at specific pre-block times. Drivers must wait in lines, undergo security and identification scans, load packages using the Amazon Flex

FILED DATE: 4/20/2026 10:26 PM 2026CH03767

app, and perform other preparatory tasks before their scheduled block begins. These activities regularly consume ten (10) to thirty (30) minutes or more per block.

22. Similarly, at the conclusion of each delivery block, Defendant requires drivers to return any undelivered packages to the designated Amazon facility by 10:00 a.m. the following day, complete return scans and reason-code entries in the app and perform post-delivery vehicle unloading and reporting. These post-block tasks are performed at Defendant's premises and are integral to the continuation of Defendant's e-commerce and last-mile delivery operations.

23. As the Illinois Supreme Court held in *Johnson v. Amazon.com Services, LLC*, 2026 IL 132016, the IMWL does not incorporate the Portal-to-Portal Act's exclusions for preliminary or postliminary activities. Rather, pursuant to 56 Ill. Adm. Code 210.110, "hours worked" under the IMWL includes *all* time an employee is required to be on the employer's premises or at other prescribed places of work, regardless of whether the activity is preparatory or postliminary to the employee's principal delivery duties. The time Plaintiff and Class Members spend at Amazon's stations and facilities before and after their blocks therefore constitutes compensable hours worked.

24. Defendant's flat-rate block payment structure does not account for this additional compensable time. As a result, Plaintiff and Class Members routinely work more than forty (40) hours per workweek—including both block time and the preliminary and postliminary time required at Defendant's premises—without receiving the overtime premium required by the IMWL.

25. These practices violate Illinois law, as drivers are employees entitled to overtime and full reimbursement of necessary expenditures.

FILED DATE: 4/20/2026 10:26 PM 2026CH03767

## CLASS ALLEGATIONS

26. Plaintiff brings this action on behalf of herself and the following Class, pursuant to 735 ILCS 5/2-801:

> All current and former Amazon Flex delivery drivers in Illinois who were classified as independent contractors and who, at any time within the last 10 years (for IWPCA claims) or 3 years (for IMWL claims), worked more than 40 hours in a workweek without overtime pay and/or incurred unreimbursed business expenses such as mileage, fuel, maintenance, tolls, or insurance.

27. **Numerosity**: The Class is so numerous that joinder is impracticable, with hundreds or thousands of Amazon Flex drivers in Illinois.

28. **Commonality**: Common questions of law and fact predominate, including: (a) whether Class Members are employees under Illinois law given Defendant's app-based control, surveillance, and deactivation policies; (b) whether Class Members are transportation workers engaged in interstate commerce; (c) whether Defendant fails the IWPCA's ABC test for independent contractor classification; (d) whether Defendant failed to pay overtime for hours over 40 per week; (e) whether Defendant failed to reimburse necessary expenses like mileage and fuel; and (f) the appropriate relief.

29. **Typicality**: Plaintiff's claims are typical of the Class, arising from the same misclassification and uniform policies.

30. **Adequacy**: Plaintiff will fairly protect the Class's interests and has retained experienced class counsel.

31. **Superiority**: A class action is superior for efficient adjudication, given the small individual recoveries and common issues.

## COUNT I: VIOLATION OF THE IMWL

### (Overtime Wages)

FILED DATE: 4/20/2026 10:26 PM 2026CH03767

32. Plaintiff realleges paragraphs 1-31.

33. The IMWL requires employers to pay employees 1.5 times their regular rate for hours over 40 in a workweek. 820 ILCS 105/4a.

34. Defendant misclassified Plaintiff and Class Members as independent contractors, failing to pay overtime despite their employee status and regular work exceeding 40 hours per week via multiple app-scheduled blocks.

35. Defendant's failure to compensate Plaintiff and Class Members for the preliminary and postliminary time they are required to spend at its stations, fulfillment centers, and warehouses further violates the IMWL. As established in Johnson v. Amazon.com Services, LLC, 2026 IL 132016, the IMWL mandates compensation for all such time because it falls within the broad regulatory definition of "hours worked" set forth in 56 Ill. Adm. Code 210.110. This violation was willful, entitling Plaintiff and Class Members to unpaid overtime wages for all compensable hours, treble damages, prejudgment interest, attorneys' fees, and costs.

36. This violation was willful, entitling Plaintiff and Class Members to unpaid overtime, treble damages, interest, attorneys' fees, and costs.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays that the Court enter judgment against Defendant for: (a) unpaid overtime wages; (b) treble damages; (c) prejudgment interest; (d) attorneys' fees and costs; and (e) such other relief as the Court deems just and proper under the IMWL.

**COUNT II: VIOLATION OF THE IWPCA**

**(Unreimbursed Expenses)**

37. Plaintiff realleges paragraphs 1-36.

FILED DATE: 4/20/2026 10:26 PM 2026CH03767

38. The IWPCA requires employers to reimburse employees for necessary expenditures incurred within the scope of employment. 820 ILCS 115/9.5.

39. Defendant misclassified Plaintiff and Class Members as independent contractors under the IWPCA's ABC test, as alleged above, and failed to reimburse them for mileage (at IRS rates), fuel, vehicle maintenance, tolls, phone, and other expenses necessarily incurred during app-directed deliveries using personal vehicles.

40. This violation entitles Plaintiff and Class Members to unpaid reimbursements, interest, attorneys' fees, and costs.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays that the Court enter judgment against Defendant for: (a) unreimbursed business expenses; (b) statutory interes; (c) prejudgment interest; (d) attorneys' fees and costs; and (e) such other relief as the Court deems just and proper under the IWPCA.

By: *Michael L. Fradin*
Michael L. Fradin
Fradin Law
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com
*Counsel for Plaintiff*

By: *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
Simon Law Co.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com
*Counsel for Plaintiff*

*s/ Jerusalem F. Beligan*
Jerusalem F. Beligan (*pro hac vice forthcoming*)
jbeligan@beliganlawgroup.com

FILED DATE: 4/20/2026 10:26 PM 2026CH03767

Leah M. Beligan, Esq.
lbeligan@beliganlawgroup.com
**BELIGAN LAW GROUP, LLP**
19800 MacArthur Blvd., Suite 300
Newport Beach, CA 92612
Telephone: (949) 224-3881;
Facsimile: (949) 724-4566